NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0871n.06

No. 14-1063

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Nov 20, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICHARD WAYNE BOONE, II, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DANIEL H. HEYNS; JEFFREY STIEVE; JOYCE | ) | COURT FOR THE EASTERN |
| HUNTER; KARINA J. BEALS; BRENDA S. | ) | DISTRICT OF MICHIGAN |
| UPSTON; STEPHEN WEISS, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: SUTTON and KETHLEDGE, Circuit Judges; ROSENTHAL, District Judge.[*]

KETHLEDGE, Circuit Judge. In this case the district court granted a preliminary injunction without any analysis of the merits of the underlying claim. For that reason, under binding precedent, we reverse.

Richard Boone is a state prisoner in Michigan. He began serving his current sentence in March 2011, complaining from the outset of pain in his knees and back. Since then, prison officials have provided Boone with medical care almost continuously: he sees a prison physician once a week, a nurse twice a day, and the Department of Corrections' Chief Medical Officer personally reviewed Boone's treatment plan. The prison's medical staff also provided him with a bottom bunk, a sleep apnea machine, an early meal time, a soft foot brace, and prescriptions for Mobic, Mylanta, Protonix, and Tylenol.

---

[*] The Honorable Lee H. Rosenthal, Judge for the Southern District of Texas, sitting by designation.

For six months in 2013, prison officials also allowed Boone to sleep on an air mattress and use a knee brace. In September, however, medical staff examined Boone and concluded that the air mattress and knee brace were not "medically necessary" for his care. Consequently, prison officials took the mattress and brace away from him.

By then this lawsuit was already pending. Earlier, in 2012, Boone had filed suit against the defendants here—all of whom of are prison officials—claiming that his medical care in prison amounted to cruel and unusual punishment in violation of the Eighth Amendment. Three months later Boone filed a motion for a preliminary injunction, seeking, among other things, to enjoin the defendants from taking away his air mattress. Then—after the defendants in fact took away his mattress in September 2013—Boone wrote a letter to the district court, requesting a ruling on his motion for an injunction.

In response, the court convened an on-the-record conference with counsel. Boone participated via teleconference, claiming that he needed the air mattress and brace because otherwise his pain would make him suicidal. The State opposed the motion, citing an opinion from the Department's Chief Medical Officer, who concluded, based upon Boone's medical history, that his air mattress would not alleviate his pain and that his knee brace was only making his condition worse. The district court granted a preliminary injunction, ordering the defendants to return the mattress and brace. We review that decision for an abuse of discretion. *Hoevenaar v. Lazaroff*, 422 F.3d 366, 368 (6th Cir. 2005).

In granting the injunction, the district court failed to apply or even mention the four-factor test that governs the propriety of injunctive relief. *See generally Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). Thus, as in a Supreme Court case, "one searches the [record] below in vain for any mention of a likelihood of success as to the merits" of Boone's

claim. *Munaf v. Geren*, 553 U.S. 674, 690 (2008). That omission standing alone "require[d] reversal and remand" in *Munaf*, where the court held that "it was an abuse of discretion for the District Court to grant a preliminary injunction . . . without even considering the merits of the underlying" claim. *Id.* at 690-91. We reverse for the same reason here.

In *Miller*, we held that "a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." 103 F.3d at 1249. Thus, to the extent that Boone continues to seek injunctive relief on remand, the district court must consider whether the extensive medical attention that Boone has received in prison amounts to deliberate indifference towards his medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 107 (1976) (holding that a "medical judgment" not to order additional treatment "does not represent cruel and unusual punishment").

The district court's grant of a preliminary injunction is reversed.